GEORGE W. NIGHTINGALE v. EDWARD SIMMONS, HIGH-
WAY COMMISSIONER, AND JAMES H. BIDWELL,
CLERK, OF THE TOWNSHIP OF NORTH
BRANCH.

*Highways—Certiorari—Appeal to township board.*

1. It is contrary to the settled policy of the State, and to the practice of this Court, to interfere without *necessity* with the *local* administration of the State.

2. To entitle a petitioner to a writ of *certiorari* to review proceedings for laying out a highway, it must appear that he has been prevented from resorting to his statutory appeal without his fault, or his case must present strong equities to dispense with it; and, where practicable, the petition should be verified by the oath of the party himself.[1]

3. A copy of the petition on which a writ of *certiorari* is allowed should be served with the writ.

Certiorari to review proceedings for opening a highway. Argued June 14, 1887. Writ dismissed June 23, 1887, as based on no adequate reasons, with costs. The facts are stated in the opinion.

*Charles F. Gates,* for petitioner.

*J. B. Moore,* for respondents.

CAMPBELL, C. J. A circuit court commissioner of Lapeer county on April 1, 1887, allowed the *certiorari* in this case

---

[1] See *Goss v. Stone,* 63 Mich. 319 (head-note 2); *Detroit v. W., St. L. & P. Ry. Co.,* Id. 712 (head-note 4); *Flint & P. M. R. R. Co. v. Norton,* 64 Id. 248; *Carpenter v. Highway Commissioners,* Id. 476.

to review proceedings to open a highway. The affidavit was not made by petitioner in person, but by his attorney, and is based entirely on supposed defects in the proceedings returned to the town clerk. The commissioner's action was completed February 28, 1887, and filed March 2, 1887. The petitioner with his petition filed certified copies which bore the date of March 12, 1887, as the date of certification. It is not shown by the petition when petitioner found out what action was taken. His name does not appear anywhere in the highway proceedings, and the return does not admit him to be a land-owner, but states that a person actually in possession, and duly notified, and to whom damages were awarded, was the reputed owner.

It appears by the return that the parties to whom damages were assessed did not appeal, and all but one received their awards. At the time this writ was sued out this failure to appeal must have been known by petitioner, or he could have known it by inquiry.

It is contrary to the settled policy of the State, and to the practice of this Court, to interfere without necessity with the local administration of the State. Before we reverse such proceedings, we must be satisfied that some serious injustice has been done the petitioner, and that he has not been slack in complaining before rights have been fixed. And no one can come here for a *certiorari* unless he has been prevented from resorting to his statutory appeal without his fault, or else unless the case presents strong equities to dispense with it. We should have, when practicable, the oath of the party himself, showing why he is justified in resorting to this remedy.

The affidavit here does not show that petitioner had the record title to the land taken, and title is not admitted. It does not show that he was not fully informed of the proceedings in time to appeal. It does not show how he is damaged. It is based partly on grounds of error that are extrinsic of the

record, and beyond this, on errors which might be waived, and which, for aught the petition shows, have been. As every one named in the record has failed to appeal, we must presume that there has been no wrong done, and the affiant could not know, and has not sworn to, anything showing merits in the petitioner.

We therefore shall dismiss the writ, as based on no adequate reasons, with costs.

We call attention to the fact that the writ was served here without a copy of the petition. As no error can be relied on not specified, the respondents are entitled to have their attention called to what they are concerned to explain, and they cannot know this without service of the papers on which the writ is allowed.

The other Justices concurred.